

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

February 21, 1968

Hon. J. W. Edgar
Commissioner of Education
Texas Education Agency
201 East 11th Street
Austin, Texas   78711

Opinion No. M-205

Re: Whether the Rio Grande In-
dependent Rehabilitation
District is an independent
school district within the
meaning of the Foundation
Program Act (Article 2922-
15, V.C.S.) authorizing the
payment of state transporta-
tion aid to it for transpor-
tation of eligible pupils on
school buses, and related

Dear Dr. Edgar:

questions.

        In your recent request to this office for an opinion,
you asked the following questions:

        ". . .

        "1.  Is the Rio Grande Independent Rehabil-
    itation District an independent school district
    within the meaning and intendment of the Founda-
    tion Program Act (Article 2922-15 V.C.S.), au-
    thorizing the payment of State transportation
    aid to it for transportation of eligible pupils on
    school buses?

        "2.  Assuming the Rio Grande Independent Re-
    habilitation District operates an exceptional
    children program for such exceptional pupils as
    are defined in subsection a of Section (4A), Arti-
    cle 2922-13 (added to the law, effective beginning
    the scholastic year, 1967-68):  Is the District an
    independent school district within the meaning and
    intendment of the Foundation Program Act, authorizing

- 984 -

payment . . . (for) . . . transportation . . .
(of eligible pupils)? (Parenthesis wording ours.)

"3.   If Article 2875k cannot be construed to
authorize payment of transportation benefits directly
to the Rehabilitation District, may the cited Founda-
tion Program Act transportation benefits be paid in-
directly to school district(s) or county unit(s)
operating transportation system(s) within the
two-county comprised Rio Grande Independent Re-
habilitation District, who may cooperate to
transport eligible pupils to the Rio Grande In-
dpendent Rehabilitation District central schools?"

The Foundation School Program is contained in Article
2922-11, et seq., Vernon's Civil Statutes.  In paragraph (4)
of Article 2922-13, provision is made to provide comparable
education services for exceptional children in Texas who are
over six (6) and not over twenty-one (21) years old at the be-
ginning of the scholastic year, for whom the regular school
facilities are inadequate or not available.  This Section pro-
vides for exceptional children teacher units for each school
district and defines the meaning of "exceptional children."  In
1965 the 59th Legislature amended Article 2922-13, by adding
paragraph (4A) to Section 1, to provide an annual transportation
cost allotment for each district operating an approved exceptional
child program as a part of the Foundation School Program.

The statute providing for rehabilitation districts is
Article 2675k, Vernon's Civil Statutes.  This statute was amended
by House Bill No. 528 in 1967 (Acts 60th Leg., R.S., 1967, ch. 519,
p. 1165).  The caption to said amending Act, in part, provides
that the Central Education Agency is authorized to allocate Founda-
tion School Program funds directly to rehabilitation districts.
Section 6 of Article 2675k was amended, in part, in 1967 as follows:

". . .

"(d)(1)   To provide for the continuance
of an educational program for handicapped per-
sons between the ages of six (6) and twenty-one

(21) inclusive, the training facility(s) operated by and within the District shall be eligible for and allotted exceptional children teacher units to the extent herein provided directly through the Foundation School Program of the Central Education Agency.

"(2)  The basis for establishing, operating and the formula to be used for determining allocation of said exceptional teacher units shall be as required by the Central Education Agency of independent school districts except that the District's allocation shall be limited, computed upon and restricted to include only exceptional children between the ages of fourteen (14) and twenty-one (21), both inclusive.  Provided, however, that no local fund assignment shall be charged to a Rehabilitation District.

"(3)  The cost of approved professional units authorized including the per unit operational cost provided by law shall be considered by the Foundation Program Committee in estimating the funds needed for Foundation Program purposes."

This Act also amended Subsection (i) of Section 7 of Article 2675k, to read, in part, as follows:

". . .

"(i)  Powers of the Board of Directors. In addition to other powers granted herein, the Board of Directors is empowered and required to:

"(1)  Govern the District; employ all administrators, Teachers, special and/or exceptional children teachers, psychologist, social workers, housekeeping and other personnel as may be required to carry out the purposes of the District; and to discharge persons so employed.

"The teachers and other employees of any

such Rehabilitation District shall be eligible to become members of the Teacher Retirement System of Texas on the same basis and under the circumstances as teachers and employees of an independent school district; . . .

". . .

"(5) Conduct the business affairs of the District with the same powers and duties provided by law for the Board of Trustees of independent school districts; . . .

". . .

"(8) Make reasonable limitation on the duration of residence and attendance by trainees, according to standards adopted by it;

". . .

"(10) Apply to any agency of the Federal Government for funds made available, as loans or grants, by the United States Government to carry out the purposes of such Rehabilitation District, in the same manner, according to the same procedures, and in all respects as provided for the receipt of such funds by independent school districts." (Emphasis added.)

Under the above statutory authority, it is our opinion that the first two questions should be answered in the affirmative. In view of these conclusions, it is not necessary to answer the third question.

It should be noted that Attorney General's Opinion No. C-548 (1965) has been rendered moot by the above cited statutory amendments insofar as question No. 1 therein was concerned.

## S U M M A R Y

1.  The Rio Grande Independent Rehabilitation District is an independent school district within the meaning and intendment of the Foundation Program Act (Article 2922-15, Vernon's Civil Statutes) and is entitled to receive payment of state transportation aid for transporting eligible pupils on its school buses.

2.  Assuming the Rio Grande Independent Rehabilitation District operates an exceptional children program for such exceptional pupils, as are defined in subsection (a) of Section (4A) of Article 2922-13, it is operating as an independent school district within the meaning and intendment of the Foundation Act program, and is entitled to receive payment of state transportation aid for transporting eligible pupils on its school buses.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Jack Sparks
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
W. V. Geppert
David Longoria
Alan Minter
Edward H. Esquivel
A. J. CARUBBI, JR.
Executive Assistant